UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CITY OF PORTLAND**,                      Civil Case No. 3:11-CV-00100-KI *(Lead Case)*
                                                       Civil Case No. 3:14-CV-00548-KI

                 Plaintiff,                CONSOLIDATED CASES

                      v.                        OPINION AND ORDER

**SEAN L. HARTFIELD** and
**MICHELLE R. BURROWS**,

                 Defendant.

     J. Scott Moede
     City of Portland
     City Attorney's Office
     1221 SW Fourth Avenue, Room 430
     Portland, Oregon  97204

         Attorney for Plaintiff

     Sean L. Hartfield
     Attorney at Law
     65 NE Rosa Parks Way
     Portland, Oregon  97211

Page 1 - OPINION AND ORDER

      Michelle R. Burrows
      Michelle R. Burrows, PC
      22586 SW Park St.
      Sherwood, Oregon   97140

        Pro Se Defendants

KING, Judge:

        Before the court is Plaintiff City of Portland's Amended Rule 12 Motions to Dismiss Defendant Hartfield's Counterclaims [20].  I grant the motion for the reason below.

## PROCEDURAL BACKGROUND

        In 2012, a jury awarded Sean Hartfield $5,000 damages for his false arrest claim against the City concerning the conduct of its police officer, Hartfield v. Besner, No. 3:11-CV-00100-KI.  Michelle Burrows represented Hartfield for several months in the middle of that case, withdrawing after I ruled on the summary judgment motion.  Burrows eventually filed an attorney lien in the case.

        In the current case, the City filed an interpleader action, City of Portland v. Hartfield, No. 3:14-CV-00548-KI, depositing $5,012.57 into the court's registry, because Hartfield and Burrows could not resolve their differences on the attorney fees.  Burrows filed a crossclaim against Hartfield for breach of contract based on the failure to pay $31,080 in attorney fees in the earlier case.  Hartfield filed a counterclaim against the City for conversion and a crossclaim against Burrows for legal malpractice and defamation.

        Because I had concerns about the court's subject matter jurisdiction in the second case standing alone, I consolidated the two.

## LEGAL STANDARDS

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The Court is required to "assume the veracity" of all well-pleaded factual allegations but should discount legal conclusions. Id. at 678.

## DISCUSSION

I will grant the City's Motion to Dismiss Hartfield's Counterclaims for conversion and attorney fees. In Lee v. West Coast Life Insurance Company, 688 F.3d 1004 (9th Cir. 2012), the court held the federal interpleader remedy does *not* shield a negligent stakeholder from tort liability for its creation of a conflict over entitlement to the interpleaded funds. Id. at 1011. Here, however, the City did not create the conflict over the interpleaded funds. The interpleader protection does extend to any counterclaim concerning the stakeholder's failure to resolve its investigation. In other words, it is not tortious for a stakeholder to fail to choose between adverse claimants. As stated in Prudential Insurance Company of America v. Hovis, 553 F.3d 258, 265 (3rd Cir. 2009):

> [W]here a stakeholder is blameless with respect to the existence of the ownership controversy, [and that is the case with the City here,] the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy.

Page 3 - OPINION AND ORDER

Under ORS 87.445, Burrows had a lien on the 2012 case once the suit was started (an important lien had the case settled) *and* also on the judgment once it was entered. The statute "serves as notice to the world that an attorney's lien for fees arises when an action is commenced" with no requirement of a formal lien notice. Potter v. Schlesser Co., Inc., 335 Or. 209, 213 & n.2, 63 P.3d 1172 (2003). Under ORS 87.450(1), Burrows had three years after entry of judgment to file the notice of claim of lien against the judgment. Thus, the City did nothing wrong in filing this interpleader action after Burrows informed counsel she would assert her lien. As Hartfield notes, ORS 87.475(3) allows the City to pay the Judgment amount into a court registry and the clerk would have satisfied the Judgment, releasing the City from further claims. But that situation would have put Hartfield in the same position he is in now except the case would be proceeding in state court rather than federal court. It also would not change the fact that the counterclaims concern the City's failure to resolve its investigation into who is entitled to the funds. Accordingly, Hartfield has failed to state a claim, and I dismiss with prejudice both of Hartfield's counterclaims against the City.

## CONCLUSION

The City of Portland's Amended Rule 12 Motions to Dismiss Defendant Hartfield's Counterclaims [20] is granted. All of Hartfield's counterclaims against the City are dismissed with prejudice.

IT IS SO ORDERED.

Dated this    20th    day of August, 2014.

       /s/ Garr M. King
       Garr M. King
       United States District Judge